Dear Dr. Freeman,
Your inquiry concerning the execution of a coroner's order for protective custody is governed by the provisions of LSA-R.S.28:53.2, which states the following:
§ 53.2 Order for custody; grounds
 A. Any parish coroner or judge of a court of competent jurisdiction may order a person to be taken into protective custody and transported to a treatment facility or the office of the coroner for immediate examination when a peace officer or other credible person executes a statement under private signature specifying that, to the best of his knowledge and belief, the person is mentally ill or suffering from substance abuse and is in need of immediate treatment to protect the person or others from personal harm. The statement may include the following information:
 (1) A statement of facts, including the affiant's observations, leading to the conclusion that the person is mentally ill or suffering from substance abuse and dangerous to himself or others or gravely disabled.
(2) The date and place of any dangerous acts or threats.
 (3) The name and surname, if known, of any other person who is in danger.
 (4) Facts showing that the person sought has been encouraged to seek treatment and is unwilling to be evaluated on a voluntary basis, and
 (5) Facts showing that the affiant has attempted to contact a specific treatment facility or a specific physician in order to obtain an examination of the person sought to be treated.
 B. The order for custody shall be in writing, in the name of the state of Louisiana, signed by the district judge or parish coroner, and shall state the following:
 (1) The date and hour of issuance and the municipality or parish where issued.
 (2) The name of the person to be taken into custody, or if his name is not known a designation of the person by any name or description by which he can be identified with reasonable certainty.
 (3) A description of the acts or threats which have led to the belief that the person is mentally ill or suffering from substance abuse and is in need of immediate hospitalization to protect the person or others from physical harm, and
 (4) That the person shall be taken to a community mental health center, a public or private general hospital, a public or private mental hospital, coroner's office or a detoxification center.
 C. The order for custody shall be effective for seventy-two hours from its issuance and shall be delivered to the coroner or director of the treatment facility by the individual who has transported the person. The date and hour that the person is taken into protective custody shall be written on the order. Without delay, and in no event more than twelve hours after being taken into protective custody, the person shall be delivered to a treatment facility or the office of the coroner or he shall be released. Upon arrival, the person in custody shall be examined immediately by the coroner or, if at a treatment facility, by a physician, preferably a psychiatrist, who shall determine if the person shall be voluntarily admitted, admitted by emergency certificate, admitted as a noncontested admission, or discharged. The person in custody shall be examined within twelve hours of his arrival at the treatment facility or coroner's office or he shall be released.
 D. Coroners and assistant coroners who act in good faith to order persons to be taken into protective custody and transported for examination in accordance with this Section shall not be civilly liable for damages to such persons resulting from those actions. (Emphasis added).
You correctly state that the sheriff is the proper party to execute a protective order issued by the coroner. LSA-C.C.P. Art.321 provides:
 The sheriff is the executive officer of the district. He shall serve citations, summons, subpoenas, notices and other process and shall execute writs, mandates, orders and judgments directed to him by the district courts, the courts of appeal, and the supreme court.
Interpreting this article, this office has previously concluded that ". . . if a protective order is issued pursuant to R.S.28:53.2 by a judge the sheriff shall execute that order. Similarly, it follows that if a protective order is issued by a coroner under the same statute that order should also be executed by the sheriff." See Attorney General Opinion 81-660, attached, on page 2. Note also that the law allows the sheriff to authorize a constable or marshal to execute the order. LSA-C.C.P. Art 332
provides:
 When authorized to do so by the sheriff, a constable of a justice of the peace court, or a constable or marshal of a city court, within the territorial jurisdiction of his court, may serve any process and execute any writ or mandate which the sheriff is authorized to serve or execute.
 For such purpose, the constable or marshal possesses the powers and authority of the sheriff; a service or execution so made has the same effect as if made by the sheriff; and the latter is responsible for the performance or non performance of his duties by a constable or marshal in such cases.
We affirm the conclusion of the author of 81-660, and again determine that the sheriff (or his authorized constable or marshal) must transport the person to be taken into protective custody if presented with the order of the coroner, issued in compliance with LSA-R.S. 28:53.2.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ______________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Dr. James A. Freeman, M.D. Coroner, Iberville Parish 57810 Haase Street Plaquemine, LA 70764
Date Received:
Date Released:
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL